UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA SUN JUNG,

  Plaintiff,

  v.

BANK OF AMERICA, N.A., et al.,

  Defendants.

CIVIL ACTION NO. 3:16-CV-00704

(MARIANI, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Gloria Sun Jung initiated this civil rights action on April 27, 2016 in an effort to avoid mortgage foreclosure of her property and a resulting sheriff's sale. (Doc. 1). This matter comes before the Court upon the Plaintiff's motion for a preliminary injunction. (Doc. 4). For the reasons stated herein, it is recommended that the motion be denied.

I.   BACKGROUND

On April 27, 2016, the Court received and filed a complaint in which *pro se* Plaintiff Gloria Sun Jung asserts violations of federal and Pennsylvania state law arising from the commencement and prosecution of a mortgage foreclosure action in the Court of Common Pleas of Monroe County by Defendant Bank of America, N.A. ("BOA"). (Doc. 1). On April 29, 2016, Plaintiff filed the instant motion for a preliminary injunction. (Doc. 4). In the motion, Plaintiff requests that the Court vacate the entry of default judgment in the Court of Common Pleas and order an injunction on her behalf. (Doc. 4, at 2). Plaintiff argues that an injunction is warranted because the state court's judgment was unlawful and lacked due process of the law, and thus is void. (Doc. 4, at 2). Plaintiff seeks the injunction from the Court to prevent the "illegal sheriff sale" of her property until the matter is adjudicated and retried in a "proper court of competent jurisdiction with judicial power of the court." (Doc. 4, at 3).

II. DISCUSSION

A. STANDARD OF REVIEW

Preliminary injunctive relief is extraordinary in nature and should only issue in limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). The moving party bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990); *see also Hartmann v. Maybee-Freud*, 279 F. App'x 142, 144 (3d Cir. 2008) (not precedential) (holding that the Plaintiff in a civil rights action who filed a motion for preliminary injunction "was required to show that he was likely to succeed on the merits of his claims, that the denial of relief would result in irreparable harm, and that granting the injunction would not result in irreparable harm to the Defendants and was in the public interest") (citation omitted); *Ball v. SCI-Muncy*, No. 1:CV-08-701, 2010 WL 4352929, at *4 (M.D. Pa. Oct. 27, 2010).

2

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted."[1] *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . . .'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted).

B. PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF IS BARRED BY THE ANTI-INJUNCTION ACT

Upon due consideration of the arguments raised in Plaintiff's motion for a preliminary injunction (Doc. 4), it is clear that the Anti-Injunction Act precludes Plaintiff from obtaining the requested relief. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *In re Madera*, No. 07-CV-1396, 2008 WL 447497, at *5 (E.D. Pa. Feb. 7, 2008). It is undisputed that on June 20, 2012, BOA initiated a mortgage foreclosure action in the Court of Common Pleas of Monroe County, asserting that Plaintiff had been in default on her mortgage payments. (Doc. 2, at 41). Plaintiff failed to enter an appearance in the foreclosure proceeding, and, as a result, a default judgment was entered against her. Subsequently, the

---

[1] *Pendente lite* is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." *Black's Law Dictionary* 1154 (7th ed. 1999).

Court of Common Pleas issued a writ of execution on the property located at 16 Rising Meadow Way in East Stroudsburg, Pennsylvania on April 28, 2015 (Doc. 20-2, at 30) and a sheriff's sale is presently scheduled for July 28, 2016. Thus, Plaintiff's instant motion for a preliminary injunction (Doc. 4) to stay the writ of execution on the property must be denied pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283. *See Clark v. U.S. Bank Nat'l Ass'n*, No. 03-5452, 2004 WL 1380166, *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted); *Becker v. Evans*, 496 F. Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment].").

III.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Plaintiff's motion for preliminary injunctive relief (Doc. 4), be **DENIED**.


BY THE COURT:


Dated: August 2, 2016                              */Karoline Mehalchick*
                                                    KAROLINE MEHALCHICK
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA SUN JUNG, | |
| Plaintiff, | CIVIL ACTION NO. 3:16-CV-00704 |
| v. | (MARIANI, J.)<br>(MEHALCHICK, M.J.) |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 2, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: August 2, 2016

*s/ Karoline Mehalchick*
KAROLINE MEHALCHICK
United States Magistrate Judge