UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA SUN JUNG, et al.,

    Plaintiffs,

    v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

CIVIL ACTION NO. 3:16-CV-00704

(MARIANI, J.)
(MEHALCHICK, M.J.)

## REPORT & RECOMMENDATION

This *pro se* civil rights action initiated by Plaintiff Gloria Sun Jung on April 27, 2016, arises out of ongoing efforts by Plaintiff to avoid mortgage foreclosure of her property.[1] (Doc. 1). Plaintiff brings this action seeking injunctive relief and damages for violations of federal and state law against Defendants Bank of America, N.A., Shauna Morie Smith, Bac

---

[1] Plaintiff appears to subscribe the specious "redemptionist" theory, common among individuals in the sovereign citizen, militia, and tax protestor movements. Adherents to this movement believe

> ... that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free.

*Monroe v. Beard*, 536 F.3d 198, 203 n.2 (3d Cir. 2008).

Other hallmarks include the characterization of laws of general applicability and court rulings as "contracts" between the government and the litigant, see, e.g., *Roche v. Att'y Gen.*, 420 Fed. App'x 124, 125 n.2 (3d Cir. 2011) (per curiam), the use of "copyrighted" personal names, see *Monroe*, 536 F.3d at 203 & n.2, and the use of a hyphen and/or colon to signify a plaintiff's "real" name, *see United States v. Rigler*, 885 F. Supp. 2d 923, 930 n.4 (S.D. Iowa 2012); *Audio Invs. v. Robertson*, 203 F. Supp. 2d 555, 565 n.2 (D.S.C. 2002).

Home Loans Service L.P., Countrywide Home Loans Inc., Ocwen Loan Servicing, LLC., Mortgage Elecronic Registrations Systems, Inc., Wilmington Savings Fund Society, FSB, Selene Financial LP, Blank Rome LLP, Commonwealth Land Title Company, Phelan Hallinan, LLP and its attorneys, Lawrence T. Phelan, Francis S. Hallinan, Rosemarie Diamond, Jay B. Jones, Jereme J. Kobeski, Michael Dingerdissen, Peter Wapner, Matthew Brushwood, Adam H. Davis, Joseph A. Dessoye, and Paul Cressman, and John Does. (Doc. 1). Plaintiff also names the Commonwealth of Pennsylvania, Judge Arthur Zulick, the Superior Court of Pennsylvania, Monroe County, Sherriff Todd A. Martin, Josephine Ferro, the American Bar Association and the Pennsylvania Bar Association as "other joinders." (Doc. 1, at 2). Having conducted its statutory screening review of the complaint, the Court respectfully recommends **dismissal** of Plaintiff's complaint pursuant to 28 USC § 1915(e)(2) with leave to amend.

## I. BACKGROUND

This action was initiated by the filing of a complaint in this matter on April 27, 2016 by *pro se* Plaintiff Gloria Sun Jung. (Doc. 1). Although it is difficult to discern the nature of the allegations, it appears that the complaint asserts violations of federal and Pennsylvania state law arising from the commencement and prosecution of a mortgage foreclosure action in the Court of Common Pleas of Monroe County by Defendant Bank of America, N.A., ("BOA"), with respect to Plaintiff's real property located at 16 Rising Meadow Way in East Stroudsburg, Pennsylvania.

From what can be gleaned from the complaint, it appears that on February 11, 2008, Plaintiff made, executed, and delivered a promissory note secured by a mortgage in the principal amount of $697,000 in favor of Countrywide Bank, which was recorded with the

Monroe County Recorder of Deeds and identified the Mortgage Electronic Registration System ("MERS") as the nominee for Countrywide Bank. (Doc. 2, at 39).[2] On August 11, 2011, MERS assigned the mortgage to BOA and an assignment of mortgage was recorded with the Monroe County Recorder of Deeds.[3] (Doc. 2, at 37). On June 20, 2012, BOA initiated a mortgage foreclosure action in the Court of Common Pleas of Monroe County, asserting that Plaintiff had been in default on her mortgage payments since July 1, 2010, and demanding an in rem judgment against Plaintiff in the sum of $801,495.97, together with interest, costs, fees, and charges collectible under the mortgage. (Doc. 2, at 41). Plaintiff failed to enter an appearance in the foreclosure proceeding, and, as a result, a default judgement was entered against her. A writ of execution was issued on the property on April 28, 2015 (Doc. 20-2, at 30), and a sheriff's sale is presently scheduled for July 28, 2016.

In her complaint, Plaintiff challenges BOA's standing to bring the foreclosure action, contests the validity of the mortgage assigned to BOA via the MERS, disputes that BOA failed to produce the original note in the state foreclosure action, thereby rendering the foreclosure judgment invalid, and asserts that she received defective notice of the underlying mortgage foreclosure action. Plaintiff requests, in addition to damages, that this Court void the entry of default judgment in the Court of Common Pleas, declare that BOA lacked standing to bring the foreclosure action, and enter an order to quiet title enjoining

---

[2] MERS is a national clearinghouse that tracks ownership interests in, and servicing rights to, mortgage loans.

[3] In addition to the facts pled in Plaintiff's complaint, this Court may "also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). Accordingly, the Court takes judicial notice of the exhibits expressly incorporated by reference in the complaint.

Defendants from asserting any lien or interest that interferes with Plaintiff's enjoyment of the property.

## II.  LEGAL STANDARDS

### A.  SECTION 1915(E)(2) STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a

motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Finally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III. DISCUSSION

### A. COMPLAINT SHOULD BE DISMISSED UNDER RULE 8

As a preliminary matter, Plaintiff's complaint should be dismissed for the failure to state a claim, as is defined in Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint "is not only of an unwieldy length, but it is also largely unintelligible," *Stephanatos v. Cohen,* 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. *See, e.g., Mincy v. Klem,* 303 F. App'x 106 (3d Cir. 2008); *Rhett v. N.J. State Superior Court,* 260 F. App'x 513 (3d Cir. 2008). Dismissal under Rule 8 is also proper where a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011), or where the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess,* 441 F. App'x 109, 110 (3d Cir. 2011); *see also Earnest v. Ling,* 140 F. App'x 431, 432 (3d Cir. 2005) (affirming dismissal where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue").

Even liberally construed as is necessary for *pro se* complaints, Plaintiff's complaint does not meet the pleading requirements of Rule 8. Plaintiff fails to simply, concisely, and directly allege what her claims are and which facts support those claims, leaving the Court, and by implication, Defendants, to parse through the 65-page complaint and 168 pages of attached exhibits and "guess what of the many things discussed constituted [a specific cause of action against them]." *Binsack,* 438 F. App'x at 160. Accordingly, Plaintiff's complaint is

6

subject to dismissal in its entirety for the failure to state a claim. However, the Court will also address alternative bases for dismissal of each claim Plaintiff asserts.

### B. THERE IS NO PRIVATE RIGHT OF ACTION FOR CERTAIN CLAIMS

Plaintiff's reliance on certain federal criminal statutes—namely, 18 U.S.C. § 4, 18 U.S.C. §§ 241 and 242,   18 U.S.C. § 371,  18 U.S.C. § 1001,  18  U.S.C.  §§ 1341-44, 18 U.S.C. § 1503, 18 U.S.C. § 1512, 18 U.S.C. § 1621,  18 U.S.C. § 1659 18 U.S.C. § 1951, and 18 U.S.C. § 2383 —is entirely misplaced, as no private right of action exists for any of the provisions Plaintiff invokes. *Prunte v. Universal Music Grp.,* 484 F. Supp. 2d 32, 42 (D.D.C. 2007) (quoting *Cort v. Ash,* 422 U.S. 66, 79–80 (1975)); *see also Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Indeed, a "plaintiff cannot proceed under criminal statutes that provide no basis for civil liability." *Bendorf v. Ojai Basin Groundwater Mgmt. Agency,* No. CV 11-3877-DSF SP, 2012 WL 3867352, at *12 (C.D. Cal. July 16, 2012); *see also Colen v. United States,* No. EDCV071359RSWLRNB, 2008 WL 2051697, at *14 (C.D. Cal. May 12, 2008) (noting "that this deficiency is not capable of being cured by amendment"). Thus, all claims brought under 18 U.S.C. § 4, 18 U.S.C. §§ 241 and 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, 18  U.S.C.  §§ 1341-44, 18 U.S.C. § 1503, 18 U.S.C. § 1512, 18 U.S.C. § 1621,  18 U.S.C. § 1659 18 U.S.C. § 1951, and 18 U.S.C. § 2383 must be dismissed with prejudice, as these  criminal statutes do not provide, explicitly or implicitly, private civil causes of action. *See Gage v. Kumpf,* No. CIV.A. 12-2620 FLW, 2012 WL 5630568, at *3 (D.N.J. Nov. 15, 2012) ("It is beyond cavil that there is no private right of action to bring a claim pursuant to 18 U.S.C § 4. . . ."); *Miller v. Cuneo,* No. CA 11-124, 2012 WL 333835, at *3 (W.D. Pa. Feb. 1, 2012) (citing *Winston v. Daniels,* No. 1:10–cv–74–SJM,

2011 WL 2680282 at *5 n.4 (W.D. Pa. July 8, 2011)); *Walthour v. Herron*, Civ. Action No,

10–014952010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists

under 18 U.S.C. §§ 241, 242, 371, or 1951); *McCray v. Holder,* 391 F. App'x 887 (D.C. Cir.

2010) (per curiam) (concluding that "district court correctly held that there

is no private right of action under 18   U.S.C.   §§   241 and 242"); *Hernandez   v.   Dist.   of*

*Columbia,* 845 F. Supp. 2d 112, 116 (D.D.C. 2012) (dismissing claims "under 18 U.S.C. §§

241, 242,   and 245.   .   . as   there   is no private right of action   under   these   criminal

statutes"); *Marranca v. U.S. I.R.S.*, No. 07-CV-859S, 2009 WL 909642, at *5 (W.D.N.Y.

Mar. 31, 2009) ("Section 472 of Title 18 of the United States Code is a criminal statute that

must be enforced by the United States Attorney's Office. Consequently, in addition to this

Court lacking subject matter jurisdiction over the underlying claims, [p]etitioner lacks

standing to bring his second claim for relief and it must therefore be dismissed."); *Wisdom v.*

*First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (holding that there is no

private right of action under the mail fraud statutes, including 18 U.S.C. §§ 1341 and1342);

*Wilcox v. First Interstate Bank of Or., N.A.*, 815 F.2d 522, 533 n. 1 (9th Cir. 1987) (finding

no private right of action under 18 U.S.C. § 1343); *Chavarria v. Wells Fargo Bank, N.A.*, No.

CV1503403BROASX, 2015 WL 4768227, at *4 (C.D. Cal. Aug. 11, 2015) ("To the extent

that Plaintiff attempts to criminally prosecute Defendants, he has no authority to do so.

Sections 473, 495, 1341, and 1348 of Title 18 are federal criminal statutes that do not

provide for civil causes of action. Plaintiff is not authorized to bring these claims."); *Park*

*Nat'l   Bank   of   Chi.   v.   Michael   Oil   Co.,* 702   F.   Supp.   703,   704   (N.D.   Ill.

1989) (no private right of action for bank fraud under 18 U.S.C. § 1344); *Holmes v. MBNA*

*Am. Bank, N.A.*, No. 5:05-CV-16, 2007 WL 952017, at *1 (W.D.N.C. Mar. 27, 2007) ("18

U.S.C. § 1344 is a criminal statute and provides no private right of action."); *Estate of Moser v. Exeter Twp. Boro. Council Members*, No. CIV. A. 98–3525, 1998 WL 575109 at *1 n.1 (E.D. Pa. Sept. 8, 1998) (finding no private right of action under18 U.S.C. § 1621 in Section 1983 action); *Peavey v. Holder*, No. 05–819(RWR), 2009 WL 3080464, at *9 (D.D.C. Sept.28, 2009) (noting that there is no private right of action pursuant to 18 U .S.C. § 1503); *Fraser v. Fiduciary Trust Co., Intern.*, No. 04 Civ. 6958(RMB)(GWG), 2005 WL 6328596, at *14 (S.D.N.Y. June 23, 2005) (concluding that no private right of action exists under18 U.S.C. § 1512); *Nicole Energy Servs. v. McClatchey*, No. 2:08–cv–0463, 2010 WL 55718, at *6 (S.D. Ohio Jan.4, 2010) (holding that 18 U.S.C. § 1621 does not provide for a private cause of action); *Isaacson v. Berrigan*, No. S-07-0537 MCE EFB PS, 2007 WL 1449743, at *2 (E.D. Cal. May 15, 2007) (holding that 18 U.S.C. § 1659 does not provide a private cause of action and noting that "mere citation to criminal statutes involving the United States' navigable waters does not establish maritime or admiralty jurisdiction in this civil action"); *Waris v. Frick*, No. CIV. A. 06-5189, 2007 WL 954108, *5 ("[T]here is no express or implied private right of action under 18 U.S.C. § 1951.") (citations omitted); *Okoro v. Krueger*, No. CIV.A. 05-70269, 2007 WL 3333476, at *11 n.7 (E.D. Mich. Sept. 21, 2007), *report and recommendation adopted in part,* No. 05-CV-70269, 2007 WL 3333472 (E.D. Mich. Nov. 7, 2007) ("[T]here is no case law or basis supporting the existence of a private cause of action for plaintiff's claims [under 18 U.S.C. § 2383].").

Moreover, Plaintiff's claim under 15 U.S.C. § 1681s–2 (a)(1)(A) of the Fair Credit Reporting Act likewise fails because the Third Circuit Court of Appeals has explicitly held that no private right of action exists under that provision. See *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (concluding that "[plaintiff] cannot base his claim on 15

U.S.C. § 1681s–2(a)(1)(A), because no private right of action exists under that provision")
(internal citation omitted); *Burrel v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 447 (D.N.J. 2010)
(finding that plaintiff's "claims under subsection (a) of 15 U.S.C. § 1681s–2 fail because that
portion of the FCRA does not provide a private right of action"). Accordingly, Plaintiff's
claim must also be dismissed with prejudice.

### C.  JUDGE ARTHUR L. ZULICK IS ENTITLED TO JUDICIAL IMMUNITY

Plaintiff has asserted a number of claims against Judge Arthur Zulick, the acting
judge who presided over her underlying state foreclosure proceedings.

It is well established, however, that "[a] judicial officer in the performance of his
duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko
v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Judicial immunity applies to claims
against judges for both damages and injunctive relief. *See Azubuko*, 443 F.3d at 303–04.
Moreover, "[a] judge will not be deprived of immunity because the action he took was in
error, was done maliciously, or was in excess of his authority; rather, he will be subject to
liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*,
435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871));
*Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("This immunity applies even when the judge is
accused of acting maliciously and corruptly . . . ."). Although the Supreme Court has
acknowledged that the operation of judicial immunity may at times constitute unfairness to
a wronged litigant, "it is a general principle of the highest importance to the proper
administration of justice that a judicial officer, in exercising the authority vested in him,
shall be free to act upon his own convictions, without apprehension of personal

consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam) (quoting *Bradley*, 80 U.S. (13 Wall.) at 347).

Plaintiff's allegations regarding Judge Zulick relate solely to Judge Zulick's disposition in favor of BOA in the Monroe County Court of Common Pleas foreclosure action. No facts are set forth to show that Judge Zulick's actions were taken in clear absence of all jurisdiction. *See Stump*, 435 U.S. at 356–57; *Azubuko*, 443 F.3d at 303. To the contrary, Pennsylvania law provides that unless exclusive jurisdiction is vested in another court by statute or by rule, "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings . . . ." 42 Pa. Cons. Stat. § 931(a). This jurisdiction extends to foreclosure actions. *See Beneficial Consumer Disc. Co. v. Vukman*, 77 A.3d 547, 552 (Pa. 2013). Accordingly, all claims against Judge Arthur L. Zulick must be dismissed because he is entitled to absolute judicial immunity.[4]

### D. ELEVENTH AMENDMENT BARS CLAIMS AGAINST COMMONWEALTH OF PENNSYLVANIA & THE SUPERIOR COURT OF PENNSYLVANIA

A state entity is entitled to Eleventh Amendment immunity.[5] The Eleventh Amendment to the United States Constitution acts as a bar to actions in federal court regarding suits against states, state agencies, and state officials acting within the scope of his

---

[4] Furthermore, to the extent Plaintiff's claims for damages against Judge Arthur L. Zulick could be construed as claims against the courts themselves (as claims brought against that judge in his official capacity), such claims must be dismissed with prejudice as barred by the Eleventh Amendment. *See, e.g., Benn v. First Judicial Dist.*, 426 F.3d 233, 241 (3d Cir. 2005).

[5] The Superior Court of Pennsylvania is a part of the Unified Judicial System of the Pennsylvania Judiciary and an instrumentality of the Commonwealth. 42 Pa. C.S.A. § 301(4). The Pennsylvania Constitution identifies all state courts as part of the Commonwealth. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a).

or her official capacities, regardless of the type of relief sought. *Graham*, 473 U.S. at 165-67; *see also Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Pennsylvania's court system is an entity of the Commonwealth of Pennsylvania. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005). Because Pennsylvania has not waived its Eleventh Amendment immunity, *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981), claims against the Commonwealth of Pennsylvania and the Superior Court of Pennsylvania are barred by the Eleventh Amendment. Thus, Plaintiff's claims against the Commonwealth of Pennsylvania and the Superior Court of Pennsylvania are barred by the Eleventh Amendment and subject to dismissal.

### E. CLAIMS BROUGHT UNDER 42 U.S.C. § 1983

#### 1. State Actor Requirement

Plaintiff has asserted violations of the First, Fourth, Fifth, Seventh, Thirteenth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v.*

*Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). The "under color of state law" element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

Here, the complaint is completely devoid of any factual allegations supporting that Plaintiff was deprived of a right secured by the Constitution. Indeed, Plaintiff fails to provide any non-conclusory, well-pled factual allegations of actionable misconduct attributable to Defendants that would raise her entitlement to relief beyond a speculative level or allow for a reasonable inference of a cause of action to be drawn from it. *Twombly*, 550 U.S. at 555 (holding that a plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").[6]

More importantly, it is beyond cavil that Defendants BOA, Shauna Morie Smith, Bac Home Loans Service L.P., Countrywide Home Loans Inc., Ocwen Loan Servicing, LLC., MERS, Wilmington Savings Fund Society, FSB, Selene Financial LP, Blank Rome LLP, Commonwealth Land Title Company, Phelan Hallinan, LLP and its attorneys, including Lawrence T. Phelan, Francis S. Hallinan, Rosemarie Diamond, Jay B. Jones,

---

[6] Plaintiff fails to state any cognizable claim under the First, Fourth, Fifth, Seventh, Thirteenth and Fourteenth Amendments against Sherriff Todd A. Martin and Josephine Ferro. The complaint's bare reference to these Defendants far from satisfies Plaintiff's obligation to provide non-conclusory, well-pled factual allegations that would raise his entitlement to relief beyond a speculative level. Indeed, aside from citing a litany of constitutional amendments as bases for recovery, the complaint is completely devoid of any factual allegations of actionable misconduct attributable to these Defendants that would allow for a reasonable inference of a viable cause of action to be drawn from it. Accordingly, these Defendants must be dismissed from the action for failure to state a claim.

Jereme J. Kobeski, Michael Dingerdissen, Peter Wapner, Matthew Brushwood, Adam H. Davis, Joseph A. Dessoye, and  Paul Cressman, John Does, the Federal Bar Association and the Pennsylvania Bar Association are private entities or individuals, not arms of the state. *See, e.g.*, *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (attorney not a state actor merely based on role as an officer of the court); *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006) ("[T]he Bank is not a state actor by virtue of its regulation by the government and participation in the federal reserve system and Federal Deposit Insurance Corporation") (citing *Apao v. Bank of N.Y.*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that a bank using non-judicial foreclosure procedure provided by state law was not a state actor for § 1983 purposes)); *D'Alessandro v. Delaware*, No. CIV. 05-545-GMS, 2006 WL 560130, at *3 (D. Del. Mar. 7, 2006) (noting that state bar associations are not state agencies but rather,  are corporations whose members are comprised of licensed attorneys).

Under limited circumstances, a private individual may be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. *See Mark*, 51 F.3d at 1142–43 (detailing the various tests used to analyze whether private conduct may be treated as state action). However, none of the conduct alleged by the Plaintiff can be fairly viewed as state action. The mere fact that Defendants prevailed in the underlying state court foreclosure action does not convert them into state actors or make their litigation activities improper state action. *See Clapp v. LeBoeuf, Lamb, Leiby & MacRae*, 862 F. Supp. 1050, 1059 (S.D.N.Y. 1994). Accordingly, the Plaintiff's § 1983 federal civil rights claims against Defendants must be dismissed for failure to state a claim.

## 2. Fifth Amendment Claim

Plaintiff contends that Defendants effected an unconstitutional taking of her property in violation of the Fifth and Fourteenth Amendments. However, Plaintiff's Fifth Amendment claim is not cognizable. The Fifth Amendment proscribes the taking of private property for public use without just compensation. Thus, a "governmental entity's effort to assert its right to property in a non-eminent domain judicial proceeding does not constitute a taking under the Fifth Amendment." *In re Modern Laundry & Dry Cleaning, Inc.*, No. 98-30505, 2002 WL 31341090, at *3 (E.D. Pa. Oct. 16, 2002); *see also Ultimate Sportsbar, Inc. v. United States*, 48 Fed. Cl. 540, 541 (2001) ("Mere assertion of claims to property in a judicial proceeding which is capable of causing a taking within the meaning of the fifth Amendment."). Accordingly, as Plaintiff has failed to establish an unconstitutional taking in violation of the Fifth Amendment, Plaintiff's Fifth Amendment claim is subject to dismissal.

## 3. Thirteenth Amendment

Plaintiff's contention that Defendants have violated her rights under the Thirteenth Amendment is also futile. In *United States v. Kozminski*, the Supreme Court held that:

> The primary purpose of the [Thirteenth] Amendment was to abolish the institution of slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase "involuntary servitude" was intended to extend to "cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results."

487 U.S. 931, 942 (1988) (quoting *Butler v. Perry*, 240 U.S. 328, 332 (1913)). The Court further noted that "while the general spirit of the phrase 'involuntary servitude' is easily comprehended, the exact range of conditions it prohibits is harder to define." *Id.*

Here, it is clear from the actions of Defendants constitute neither "compulsory labor" nor physical coercion. Thus, it is recommended that Plaintiff's Thirteenth Amendment claim be dismissed with prejudice, as the conduct complained of does not implicate the Thirteenth Amendment.

### 4. Claims Against Monroe County

Further, Plaintiff has failed to assert a federal civil rights claim under § 1983 against Monroe County. "On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Monell*, 436 U.S. at 690. A municipality can be liable under § 1983 only if the conduct alleged to be unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. Thus, to state a § 1983 claim against a municipality, a plaintiff must allege a constitutional injury that was caused when the municipality took action pursuant to a custom or policy. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *see also Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984) ("A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered."). Regardless of any policy or practice it may have adopted, however, municipal liability under *Monell* requires an underlying

16

constitutional violation. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989).

In the present case, Plaintiff has not alleged the essential elements of a municipal liability claim under § 1983, as she has failed to identify a policy, custom, or practice of the municipality that caused a purported constitutional deprivation. In fact, while Plaintiff names Monroe County in the caption of his complaint, the body of the complaint makes no explicit reference to this defendant. A civil rights complainant must state the conduct, place, and persons responsible for alleged civil rights violations in order to give "fair notice of what [his] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pa. State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Accordingly, as the complaint does not appear to allege a violation of a constitutional right under 42 U.S.C. § 1983 against Monroe County, dismissal of this defendant from the instant action is appropriate for failure to state a claim upon which relief can be granted. *See Tillio v. Radnor Police*, 236 F. App'x 794 (3d Cir. 2007).

## F. Claims Arising out of Assignment of Mortgage

To the extent Plaintiff premises Defendants' liability on acquisition of the assigned mortgage and their authority to foreclose on her defaulted mortgage, Plaintiff lacks standing to do so. Under Pennsylvania law, "the parties to an agreement have no obligation to a nonparty, regardless of the extent to which that nonparty is interested in enforcement or abrogation of the contract." *Rottmund v. Cont'l Assur. Co.*, 761 F. Supp. 1203, 1208 (E.D. Pa. 1990) (citing *Twp. of Aston v. S.W. Del. Cnty. Mun. Auth.*, 535 A.2d 725 (Pa. Commw. Ct. 1988); *Fourtees Co. v. Sterling Equip. Corp.*, 363 A.2d 1229, 1232 (Pa. Super. Ct. 1976)). "In

order for [a] [p]laintiff to be considered a third-party beneficiary to the mortgage assignment, the assignment would have had to explicitly state intent to name [p]laintiff a third-party beneficiary to the assignment." *Souders v. Bank of Am.*, No. 1:CV-12-1074, 2012 WL 7009007, at *10 (M.D. Pa. Dec. 6, 2012) *report and recommendation adopted,* No. 1:12-CV-1074, 2013 WL 451863 (M.D. Pa. Feb. 6, 2013). Thus, here it is evident that Plaintiff would lack standing to challenge the validity of the mortgage assignment by invoking violations of federal laws because the mortgage assignment is a contract to which she is neither a party nor third-party beneficiary.

### G. FAILURE TO STATE A CLAIM

#### 1. Claims Brought Under 42 U.S.C. § 1985 & 42 U.S.C. § 1986

Plaintiff's conspiracy claims must fail because she cannot plead facts plausibly evidencing a conspiracy. 42 U.S.C. § 1985(3) provides a cause of action against those who conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws [.]" 42 U.S.C. § 1985(2) provides a cause of action against those who conspire "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws [.]" A plaintiff asserting a civil rights conspiracy claim under § 1985 must allege the following: "(1) a conspiracy; (2) motivated by racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws, (3) an act in furtherance of the conspiracy, and (4) injury in person or property or deprived of any right or privilege of a Citizen of the United States." *Tarapchak v. Lackawanna Cnty.*, No. CV 15-2078, 2016 WL 1246051, at *7 (M.D. Pa. Mar. 24, 2016). Such a claim must be pled with sufficient

specificity, which requires the plaintiff to "identify with particularity the conduct violating plaintiff[']s rights, the time and place of these actions, and the people responsible therefor." *DeJohn v. Temple Univ.*, No. 06–778, 2006 WL 2623274, *5 (E.D. Pa. Sept. 11, 2006) (citations omitted). Indeed, plaintiff must provide more than "mere incantation of the words 'conspiracy' or 'acted in concert'" to satisfy her Rule 8 pleading requirement. *Loftus v. SEPTA*, 843 F. Supp. 981, 987 (E.D. Pa.1 994). Plaintiff utterly fails to make this required showing here. Furthermore, because Plaintiff fails to plead a § 1985 claim, her 42 U.S.C. §1986 claim must likewise fail. Indeed, "transgressions of § 1986 by definition depend on a preexisting violation of § 1985[.] [Thus,] if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail." *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir.1980) (footnote omitted), *cert. denied sub. nom., Mark Garner Assocs., Inc. v. Bensalem Township*, 450 U.S. 1029 (1981); *Silo v. City of Phila.*, 593 F. Supp. 870 (E.D. Pa. 1984). Accordingly, the §§ 1985 and 1986 claims must be dismissed.

## 2. FDCPA claims

Plaintiff asserts that Defendants violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") by improperly filing and maintaining a mortgage foreclosure action against her. The FDCPA affords "a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000) (citing *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir.1987)). The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection practices." 15 U.S.C. § 1692(e). The FDCPA is a remedial statute. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir.2006).

Thus, the Court must "construe its language broadly, so as to effect its purpose." *Brown*, 464 F.3d at 453. To state a claim under the FDCPA, a plaintiff must plead facts supporting that: "(1) he or she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a "debt" arising out of a transaction entered into primarily for personal, family, or household purposes; and (4) the defendant has violated, by act or omission, a provision of the FDCPA in attempting to collect the debt." *McMenamin v. Phelan Hallinan, LLP*, No. Civ. A. 14–4814, 2015 WL 5515347, *5 (E.D. Pa. 2015) (citing *Jensen v. Pressler & Pressler*, ——F.3d ——, 2015 WL 3953754, at *2 (3d Cir. 2015); *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). An action brought under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Glover v. F.D.I.C,* 698 F.3d 139, 148 (3d Cir.2012); *Pagan v. Monterrey Collection Servs.,* 2007 WL 966009, at *2 (E.D. Pa. Mar. 29, 2007).

Here, Plaintiff fails to state a cognizable claim under the FDCPA because her pleading is devoid of any factual allegations supporting that she was the subject of improper debt collection practices amounting to a violation of each of the referenced sections of the FDCPA. Rather, Plaintiff merely offers a formulaic recitation of acts prohibited by the FDCPA and concludes, without specifying the content or nature of Defendants' abusive debt collection practices, that Defendants violated the FDCPA. *See Twombly,* 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Plainly stated, a clearer and more coherent factual recital would be needed here in order to state a claim upon which relief may be granted. Thus, the Court must dismiss Plaintiff's FDCPA claims for failure to state a claim.

### 3.   12 U.S.C. § 29

Plaintiff also brings claims under 12 U.S.C. § 29, which prohibits a national banking association from holding "the possession of any real estate under mortgage, or the title and possession of any real estate purchased to secure any debts due to it, for a period longer than five years." This provision however, is inapplicable to Plaintiff's complaint because Plaintiff does not allege, nor does the Court discern from the exhibits appended to Plaintiff's complaint, that any Defendant possessed the property at issue. *Nooh v. ReconTrust Co.,* No. 11-2506-STA-DKV, 2012 WL 1075844, at *8 (W.D. Tenn. Mar. 29, 2012); *see also Barnes v. Wells Fargo & Co.,* No. 4:10CV619 FRB, 2010 WL 3911405, at *4 (E.D. Mo. Sept. 30, 2008). Accordingly, such a claim is subject to dismissal.

### 4.  Telephone Consumer Protection Act claim

Plaintiff also appears to assert that Defendants violated 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act ("TCPA"). (Doc. 1, at 53).   § 227(c)(5), however, relates to residential telephone subscribers and governs calls to the National Do-Not-Call Registry. Indeed, this provision directs the FCC to prescribe regulations to protect the privacy of residential telephone subscribers, and authorizes a private right of action for violation of the FCC's implementing regulations.   *See* 47 U.S.C. § 227(c)(1) (authorizing the FCC to initiate rulemaking concerning the privacy rights of residential telephone subscribers).   Federal regulations clarify that "no person or entity shall initiate

any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). "Telephone solicitation" refers to "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(14).

When reviewing the allegations contained in the complaint, it is evident that Defendants could violate this provision of the TCPA, as Plaintiff offers no facts plausibly demonstrating that she subscribed to the National Do-Not-Call Registry or that Defendants violated the FCC's prescribed regulations for protecting the privacy of residential telephone subscribers. Rather, Plaintiff merely suggests that Defendant Ocwen placed calls seeking to collect a debt "when [Plaintiff] requested to not call until debt is verified." (Doc. 1, at 53). Accordingly, dismissal of this claim is appropriate.

### 5. Racketeering Claims

Plaintiff also refers, in conclusory fashion, to Racketeer Influenced and Corrupt Organizations ("RICO") violations in connection with the foreclosure of her home. The civil RICO statute creates a cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). Section 1962, provides, in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . (d) It

shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The RICO statute defines "racketeering activity" by enumerating an exhaustive list of predicate acts, including mail fraud and wire fraud. *See* 18 U.S.C. § 1961(1). "Where acts of mail and wire fraud constitute the alleged predicate racketeering acts, those acts are subject to the heightened pleading requirement of Rule 9(b) [of the Federal Rules of Civil Procedure]." *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002). "Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1991)); *see also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993) ("Like allegations of securities fraud, allegations of [RICO] predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent"). Moreover, "where multiple [RICO] defendants are accused of mail or wire fraud, plaintiffs must plead fraud with particularity as to each defendant." *Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*, 165 F. Supp. 2d 514, 537 (S.D.N.Y. 2001). A "pattern" of racketeering activity, in turn, requires at least two predicate acts of racketeering activity. *See* 18 U.S.C. § 1961(5).

As a preliminary matter, the Third Circuit has unequivocally held that "a civil claim brought under section 1964(c) of the RICO Act, with its mandatory award of treble damages which are punitive in character, cannot be maintained against a municipal

corporation." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991). Accordingly, this RICO claim cannot proceed against either the Commonwealth of Pennsylvania or Monroe County.

As to the remaining Defendants, the complaint fails to adequately plead a pattern of racketeering acts. While Plaintiff references "mail fraud," she fails to provide any particularized facts whatsoever regarding the alleged mail fraud upon which this RICO claim is based. Rather, the only allegations regarding the predicate acts of mail fraud in the complaint are sweeping, conclusory statements that unspecified Defendants utilized mail as a general means of communication. Such vague and conclusory statements are wholly insufficient to state a valid RICO claim. *See Lum*, 361 F.3d at 224; *see also Souders v. Bank of Am.*, No. 1:CV-12-1074, 2012 WL 7009007, at *13 (M.D. Pa. Dec. 6, 2012).

Moreover, Plaintiff fails to adequately allege facts regarding the structure of the purported criminal enterprise. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 366 (3d Cir. 2010) ("Specifically, [the enterprise] 'must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'") (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)); *see also Nasik*, 165 F. Supp. 2d at 539 (dismissing conclusory RICO claim that "simply strung together all of the defendants . . . and labeled the resulting group an association-in-fact enterprise"). Simply put, the Plaintiff fails to state *how* any particular Defendant participated in the operation or management of the purported enterprise itself. *See Reves v. Ernst & Young*, 507 U.S. 170, 178–79 (1993); *Univ. of Md. v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539–40 (3d Cir. 1993). Rather, as it is currently pled, the allegedly fraudulent mortgage and foreclosure on which Plaintiff bases her RICO claim

constitutes a single transaction directed at a single piece of property affecting only Plaintiff. Thus, Plaintiff's RICO claim must be dismissed for failure to state a claim.

### 6. Antitrust claims

Plaintiff asserts (1) unreasonable restraint of trade in violation of 15 U.S.C. § 1 of the Sherman Act, and (2) willful and unlawful monopolization and attempted monopolization in violation of 15 U.S.C. § 2 of the Sherman Act. (Doc. 1, at 55).

Section 4 of the Clayton Act, 15 U.S.C. § 14, authorizes private actions for recovery due to violation of the antitrust laws. § 4 provides, in pertinent part, that: "[a]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States . . . and shall recover threefold the damages by him sustained. . . ." By its statutory language, Congress has imposed limitations in addition to the traditional limitations upon standing imposed by the Constitution upon those who can recover damages under the antitrust laws. Thus, to establish standing for a private suit under § 4 of the Clayton Act, the plaintiff must allege "antitrust injury," a term of art for considerations going to whether plaintiff's injury is sufficiently linked to the predicate Sherman Act violation. *Cargill, Inc. v. Monfort of Colorado, Inc.,* 479 U.S. 104, 109–10 (1986). Indeed, the injury must be of the type "the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful.'" *Atl. Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 334 (1990) (quoting *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 489 (1977) (emphasis in original)). To show antitrust injury, a plaintiff must prove that his loss flows from an *anticompetitive* aspect or effect of the defendant's behavior, since it is inimical to the antitrust laws to award damages for losses stemming from acts that do not hurt competition. If the injury flows from aspects of the

defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal *per se*. *Atl. Richfield Co.*, 495 U.S. at 344.[7]

Guided by this benchmark legal standard, it is clear that Plaintiff has not alleged the type of injury the antitrust laws were designed to prevent, and thus, has failed to satisfy the "antitrust injury" standing requirement. *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977). Plaintiff's complaint "does not describe an injury to competition; rather, plaintiff alleges only an injury to herself." *Pawlak v. Nix*, No. CIV. A. 95-5265, 1996 WL 560360, at *11 (E.D. Pa. Sept. 30, 1996). As a corollary to that determination, it is evident that Plaintiff cannot offer allegations supporting that the challenged action—the assignment of her mortgage through MERS—has an "actual adverse effect on competition as a whole in the relevant market." *Irish v. Ferguson*, 970 F. Supp. 2d 317, 365 (M.D. Pa. 2013); *Brunswick Corp.*, 429 U.S. at 488. Indeed, the Court is hard pressed to find the existence of any injury to competition that could have occurred as a result of assigning or securitizing Plaintiff's mortgage through the MERS system, which is a critical inquiry in determining whether there is antitrust injury. *Phillips v. Bank of Am., N.A.*, No. CIV. 10-00551 JMS, 2011 WL 2160583, at *6 (D. Haw. June 1, 2011). Accordingly, dismissal of this claim is warranted.

---

[7] To the extent that Plaintiff brings a federal antitrust claim against the Commonwealth of Pennsylvania, the Superior Court of Pennsylvania, Monroe County, Arthur Zulick, Todd A. Martin and Josephine Ferro, Section 3 of the Local Government Antitrust Act, 15 U.S.C. § 35, explicitly provides local governments, their officials, and employees acting in their official capacity with immunity from money damages, costs, and attorney fees under the Clayton Act. *See City of Columbia v. Omni Outdoor Advert., Inc., 499 U.S. 365, 369 n.2 (1991)*. Accordingly, the Plaintiff's federal antitrust claims against these Defendants named as "other joinders" in the complaint are barred pursuant to the Local Government Antitrust Act.

H. Claims Barred by *Rooker-Feldman*

As a final matter, to the extent Plaintiff's claims arise from injuries caused by the state court foreclosure judgment, the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldmen* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Parkview Assocs. Partnership v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000) ("The *Rooker–Feldman* doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision.").

The Third Circuit applies a four-part test to determine whether review of an action must be excluded under the *Rooker–Feldman* doctrine: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In regard to the first requirement of the *Rooker-Feldmen* doctrine, it is clear from the allegations contained in the complaint as well as the exhibits incorporated by reference in the complaint that Plaintiff lost the state court mortgage foreclosure action due to the default judgment entered by the Monroe County Court of Common Pleas. *See In re Calabria*, 418 B.R. 862, 866 (Bankr. W.D. Pa. 2009) ("*Rooker–Feldman* appl[ies] not only to state court judgments entered following a trial on the merits, but also to default judgments." (citing *In re Knapper*, 407 F.3d 573, 580-81 (3d Cir. 2005))). Moreover, even though "[a]n action in

mortgage foreclosure is strictly an *in rem* proceeding," *N.Y. Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 953 (Pa. Super. Ct. 1987), courts within the Third Circuit consistently hold that *Rooker-Feldmen* bars federal plaintiffs from asserting claims based on harms allegedly caused by state court mortgage foreclosure actions. *See Gage v. Wells Fargo Bank, NA*, 521 F. App'x 49, 50-51 (3d Cir. 2013); *Conklin v. Anthou*, 495 F. App'x 257, 261-62 (3d Cir. 2012); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716, 718 (3d Cir. 2010); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152-53 (3d Cir. 2008); *Ayres-Fountain v. E. Sav. Bank,* 153 F. App'x 91, 92 (3d Cir. 2005); *In re Knapper*, 407 F.3d 573, 582 (3d Cir. 2005); *Cuevas v. Wells Fargo Bank, N.A.*, No. CIV.A. 14-6208 ES MA, 2015 WL 5123746, at *4 (D.N.J. Sept. 1, 2015); *Schroeder v. Bank of Am. Corp.*, No. 3:12-CV-589, 2012 WL 6929272, at *6-8 (M.D. Pa. Nov. 19, 2012), *report and recommendation adopted*, No. 3:CV-12-0589, 2013 WL 298058 (M.D. Pa. Jan. 24, 2013); *In re Ogilvie*, 533 B.R. 460, 467 (Bankr. M.D. Pa. 2015); *In re Faust*, 353 B.R. 94, 100 (Bankr. E.D. Pa. 2006). Because Plaintiff neglected her opportunity to appear and contest the foreclosure proceedings, this Court concludes that she "lost" in state court. *See In re Knapper*, 407 F.3d at 584-85. Therefore, the first requirement under *Rooker–Feldman* is satisfied.

The second *Rooker–Feldman* requirement is that the injuries complained of in federal court must have been caused by the state court judgment. *Great W. Mining & Mineral Co.*, 615 F.3d at 166. In analyzing this requirement, the Third Circuit advises that "[a] useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Great W. Mining & Mineral Co.*, 615 F.3d at 167. Here, to the extent Plaintiff complains of the adverse state court mortgage foreclosure judgment and the

potential sale of her property set into motion by her default, Plaintiff's complaint satisfies the second requirement under *Rooker-Feldman*.

The third element of *Rooker-Feldmen* requires the state court judgment to have been entered before the federal suit was filed. *Great W. Mining & Mineral Co.*, 615 F.3d at 166. Here, the state court judgment was clearly entered before the instant federal suit was filed, as Plaintiff explicitly asks that the judgment rendered in the State case be voided as part of her federal complaint. The third *Rooker–Feldman* requirement is thus satisfied.

The fourth and final requirement under *Rooker–Feldman* is that the plaintiff must invite the federal court to review and reject the state court's judgment. *Great W. Mining & Mineral Co.*, 615 F.3d at 166. This requirement is "closely related" although not identical to the second prong of the *Rooker–Feldman* analysis. *Great W. Mining & Mineral Co.*, 615 F.3d at 168. "Prohibited appellate review 'consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law.'" *Great W. Mining & Mineral Co.*, 615 F.3d at 169 (quoting *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1143 (10th Cir. 2006)). In her complaint, Plaintiff clearly invites this Court to overturn the default judgment entered in the Monroe County Court of Common Pleas. Thus, the fourth *Rooker–Feldman* requirement is satisfied.

I.   STATE LAW CLAIMS

Plaintiff appears to assert a number of state law claims. Where a district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy,

convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

(1988). Ordinarily, when all federal law claims have been dismissed and only state law

claims remain, the balance of these factors indicates that the remaining claims properly

belong in state court. *Cohill*, 484 U.S. at 350. The Court finds nothing in the record to

distinguish this case from the ordinary one. Accordingly, the balance of factors "point

toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*,

484 U.S. at 350 n.7. Therefore, it is respectfully recommended that Plaintiff's state law

claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

J. LEAVE TO AMEND

The Third Circuit has instructed that district courts generally must permit a curative

amendment if a complaint filed *pro se* is vulnerable to dismissal for failure to state a claim,

unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293

F.3d 103, 108 (3d Cir. 2002). Here, the Court respectfully recommends that Plaintiff be

permitted the opportunity to file an amended complaint only with respect to the following

claims:

1. Plaintiff's First Amendment, Fourth Amendment, and Fourteenth
   Amendment claims against Sherriff Todd A. Martin, and Josephine Ferro;

2. Plaintiff's *Monell* liability claims against Monroe County;

3. Plaintiff's claims brought under 42 U.S.C. **§ 1985** & 42 U.S.C. **§ 1986**; and

4. Plaintiff's claims under the FDCPA, Sherman Act, TCPA, and RICO.

It is recommended that Plaintiff be directed to file an amended complaint that is

complete in all respects. Further, Plaintiff should be instructed that this

amended pleading must "be a new pleading which stands by itself as an adequate complaint

without reference to [any pleadings] already filed." *Young v. Keohane,* 809 F. Supp. 1185, 1198 (M.D. Pa.1992); *see, e.g., Biggins v. Danberg,* No. 10–732, 2012 WL 37132 (D. Del. Jan. 6, 2012); *Quirindongo v. Fed. Bureau of Prisons,* No. 10–1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Plaintiff's amended complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation; contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); set forth averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1); and state such averments in separately numbered paragraphs describing the date and time of the events alleged and identifying wherever possible the participants in the acts about which he complains. Lastly, the amended complaint must resolve the shortcomings identified by the Court in this Report and Recommendation.

## IV. RECOMMENDATION

Based upon the foregoing, it is recommended that:

1. Plaintiff's complaint (Doc. 1) be dismissed;

2. Judge Arthur L. Zulick be dismissed from this action with prejudice pursuant to the doctrine of judicial immunity;

3. The Commonwealth of Pennsylvania and the Superior Court of Pennsylvania be dismissed with prejudice, as these entities are entitled to sovereign immunity;

4. Plaintiff's claims brought under 42 U.S.C. § 1983 (Doc. 1) be dismissed with prejudice but for Plaintiff's First Amendment, Fourth Amendment, and Fourteenth Amendment claims against Sherriff Todd A. Martin and Josephine Ferro;

5. Plaintiff's claims against Monroe County be dismissed for failure to assert *Monell* liability;

6. Plaintiff's claims brought under 18 U.S.C. § 4, 18 U.S.C. §§ 241 and 242, 18 U.S.C. § 371, 18 U.S.C. § 1001, 18 U.S.C. §§ 1341-44, 18 U .S.C. § 1503, 18 U.S.C. § 1512, 18 U.S.C. § 1621, 18 U.S.C. § 1659 18 U.S.C. § 1951, and 18 U.S.C. § 2383 be dismissed with prejudice;

7. Plaintiff's claims under 42 U.S.C. § 1985 & 42 U.S.C. § 1986, 12 U.S.C. § 29, RICO, the Sherman Act, the FDCPA, the TCPA be dismissed for failure to state a claim;

8. Any claims challenging the validity of the mortgage assignment be dismissed for lack of standing; and

9. Any claims arising from injuries caused by the state court foreclosure judgment be dismissed under *Rooker-Feldman*.

It is further recommended that Plaintiff be permitted leave to file a curative amendment within a certain amount of time following dismissal of her complaint to assert the following claims:

1. Plaintiff's First Amendment, Fourth Amendment, and Fourteenth Amendment claims against Sherriff Todd A. Martin, and Josephine Ferro;

2. Plaintiff's *Monell* liability claims against Monroe County;

3. Plaintiff's claims brought under 42 U.S.C. § 1985 & 42 U.S.C. § 1986; and

4. Plaintiff's claims under the Sherman Act, FDCPA, TCPA, and RICO.

Lastly, it is recommended that this matter be remanded to the undersigned for further proceedings.

BY THE COURT:

Dated: August 2, 2016

*s/ Karoline Mehalchick*

KAROLINE MEHALCHICK
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA SUN JUNG, et al.,

            Plaintiffs,                CIVIL ACTION NO. 3:16-CV-00704

v.                                      (MARIANI, J.)
                                      (MEHALCHICK, M.J.)

BANK OF AMERICA, N.A., et al.,

            Defendants.

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 2, 2016**. Any party may obtain a review of the

Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: **August 2, 2016**

                                        *s/ Karoline Mehalchick*
                                        **KAROLINE MEHALCHICK**
                                        **United States Magistrate Judge**